UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE KATRINA CANAL BREACHES<br>CONSOLIDATED LITIGATION | CIVIL ACTION<br>NO. 05-4182 |
| PERTAINS TO: ST. RITA | SECTION "K"(2) |

| | | | |
|---|---|---|---|
| *Mullins* | C. A. No. 06-7400 | *Bell* | C.A. No.06-9037 |
| *Bracklein* | C.A. No. 06-7633 | *DePascual* | C.A. No. 06-8982 |
| *Beatman* | C.A. No. 06-8947 | *Herzog* | C.A. No. 06-8992 |
| *Alfonso* | C.A. No. 06-9641 | *Hubert* | C.A. No. 06-8219 |
| *Franz* | C.A. No. 06-10426 | *Montalbano* | C.A. No. 06-8963 |

## ORDER AND REASONS

Before the Court are the United States' Motion to Dismiss Third-Party Demands filed in each of the above-referenced cases and docketed in the *In re Katrina Canal Breaches Consolidated Litigation* docket sheet as follow:

| | |
|---|---|
| *Mullins* | Doc. 2171 |
| *Bracklein* | Doc. 2176 |
| *Beatman* | Doc. 2194 |
| *Alfonso* | Doc. 1959 |
| *Bell* | Doc. 1959 |
| *DePascual* | Doc. 1959 |
| *Herzog* | Doc. 1959 |
| *Hubert* | Doc. 1959 |
| *Franz* | Doc. 2003 |
| *Montalbano* | Doc. 1959 |

These cases were filed in state court concerning alleged negligence and nursing home malpractice that occurred at St. Rita's Nursing Home Facility ("St. Rita's") in the flooding that occurred in the wake of Hurricane Katrina. Having reviewed the pleadings, memoranda and the relevant law, the Court is prepared to rule.

**Background**

In each of these cases filed in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, plaintiffs sued Buffman, Inc. which did business as St. Rita's, Mabel Mangano and Salvador Mangano, employees and owners of Buffman. These defendants in turn filed third-party claims in each of these suits against the United States and other state and local officials and agencies seeking indemnity and contribution based on the Government's alleged negligent design, construction and maintenance of the MRGO.

Defendants contend that such negligence caused or exacerbated the flooding of the St. Rita's and that the Government should indemnify them in the event that they are held liable to plaintiffs. The defendants' claims against the United States were made pursuant to the Federal Tort Claim Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. The United States removed all of these cases timely pursuant to 28 U.S.C. §§ 1346(b)(1),[1] 1441(a)[2], and 1442(a)[3].

---

[1] Section 1346(b)(1) of the FTCA provides that federal district courts:
 . . . have exclusive jurisdiction of civil actions on claims against the Untied states, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

[2] Section 1441(a) is the "general removal statute" which allows removal of a state court case to federal court when the district court has original jurisdiction over the claim. The Government is subsequent briefing have maintained that citation to this statute was erroneous and thus relies solely on §1442(a).

[3] Section 1442(a) is the federal agencies and officers removal statute which provides for the removal of a state suit to federal court when it is one filed against the United States, any of its agencies and/or officers.

**United States' Motion to Dismiss Third-Party Demands**

The United States has moved pursuant to Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6) to dismiss these third-party demands filed against it by defendants Buffman Inc. d/b/a St. Rita's Nursing home Facility, Mabel Mangano, and Salvador Mangano), owners of St. Rita's ("defendants" or "third-party plaintiffs").  The Government's primary argument is that this Court has no jurisdiction over the subject matter of this case, because when a case is removed pursuant to 28 U.S.C. § 1442, the district court acquires only the same subject matter jurisdiction that the state court could have exercised.  The state court from which these suits were removed had no jurisdiction because only federal courts have original jurisdiction under the FTCA. Thus, this Court has no subject matter jurisdiction.  The United States also raises a substantive argument as to whether third-party plaintiffs even raise a valid state law claim as it maintains that Louisiana law provides no cause of action for indemnity in this instance and only comparative fault would apply.

The defendants have filed oppositions to these motions contending that  the Motion to Dismiss for Lack of Subject Matter Jurisdiction should be denied because these motions directly attack the merits of the third-party demand.  They rely on *Lombard v. New Orleans Naval Support Activity Commission*, 2004 WL 2988483 (E.D. La. Dec. 10, 2004) where a third-party claim against the United States was brought **in federal court.**  These cases are procedurally inapposite to the subject case and has no bearing on the issue of subject matter jurisdiction, which is the threshold issue.

The "derivative jurisdiction doctrine"  recognizes that a court lacks jurisdiction on removal because it cannot have jurisdiction where the state court from which the action was

3

removed lacked jurisdiction. *Barnaby v. Quintos*, 410 F. Supp. 2nd 142, 143 (S.D.N.Y. 2005).[4] This doctrine has been circumscribed in relation to removal under § 1441 by virtue of § 1441(f), which states that "The court to which a civil action is removed under this action is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."  However, courts have consistently held that § 1441(f) does not apply to actions removed under § 1442. *Id. citing Singleton v. Elrac, Inc.,* No. 03 Civ. 4979(JFK), 2004 WL 2609554 at *1-2 (S.D.N.Y. Nov. 16, 2004); *Gionfriddo v. Salaf,* 343 F.Supp.2d 109, 111 (D.Conn.2004); *Charles v. Inam,* No. 99 Civ. 12427(SWK), 2001 WL 79900 at *1 (S.D.N.Y. Jan. 30, 2001); *Giuffre v. City of New York,* No. 00 Civ. 1517(MBM), 2000 WL 557324 at *1 (S.D.N.Y. May 8, 2000); *Moreland v. Van Buren GMC,* 93 F.Supp.2d 346, 353-55 (E.D.N.Y.1999). *Contrast Strychasz v. Maron Const. Co., Inc.,* No. Civ. 3:01 CV 2063(PCD), 2002 WL 32500874 at *2 (D.Conn. July 16, 2002) (noting that derivative jurisdiction was "eliminated to some extent" by the 1985 amendment, but declining to address the viability of derivative jurisdiction for cases removed under 28 U.S.C. § 1442 because the Government had cited 28 U.S.C. § 1441 as the basis for removal). Indeed, one court has stated, "In virtually every court that has addressed the issue has concluded that the derivative jurisdiction doctrine still applies to removals filed pursuant to 28 U.S.C. § 1442(a)) *McCarter v. John Hancock Center*, 2002 WL 31875470, *3 (N.D.Ill. 2002) *citing Smith v. Cromer,* 159 F.3d 875, 879 (4th Cir.1998) ("It is clear that a federal court's jurisdiction upon removal under 28 U.S.C. § 1442(a)(1) is derivative of the state court jurisdiction, and where the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires

---

[4]This case provides an extensive explanation of the legislative history of this provision.

none upon removal, even though in a like suit originally brought in federal court, the court would have had jurisdiction."); *Elko County Grand Jury v. Siminoe,* 109 F.3d 554, 555 (9th Cir.1997) ("[B]ecause this case was removed from state court pursuant to § 1442, our jurisdiction is derivative of the state court's jurisdiction."); *Giuffre v. City of New York,* 2000 WL 557324, at *1 (S.D.N.Y. May 8, 2000) ("there is no exception to the derivative jurisdiction doctrine that governs cases removed pursuant to Section 1442."); *Moreland v. Van Buren GMC,* 93 F.Supp.2d 346, 355 (E.D.N.Y.1999) ("the Court holds that the doctrine of derivative jurisdiction remains viable under Section 1442."); *Bosaw v. Nat'l Treasury Employees' Union,* 887 F.Supp. 1199, 1209 (S.D.Ind.1995) ("[T]he most recent Seventh Circuit precedent indicates that the Court's jurisdiction is restricted to whatever jurisdiction the state court had over this ... dispute."); *but see North Dakota v. Fredericks,* 940 F.2d 333, 337 (8th Cir.1991) ("[T]he policy of Congress underlying new § 1441(e) supports the complete abandonment of the derivative-jurisdiction doctrine.").

This Court shall follow the great weight of jurisprudence and finds that the derivative jurisdiction doctrine is still viable with respect to cases removed pursuant to 28 U.S.C. § 1442(a) as these suit were. *See generally Foval v. First nat. Bank of Commerce,* 841 F.2d 126, 128 (E.D.La. 1988). Thus, as this Court has no jurisdiction over this matter,

**IT IS ORDERED** that the following Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1):

| | |
|---|---|
| *Mullins* | Doc. 2171 |
| *Bracklein* | Doc. 2176 |
| *Beatman* | Doc. 2194 |
| *Alfonso* | Doc. 1959 |
| *Bell* | Doc. 1959 |

| | |
|---|---|
| *DePascual* | Doc. 1959 |
| *Herzog* | Doc. 1959 |
| *Hubert* | Doc. 1959 |
| *Franz* | Doc. 2003 |
| *Montalbano* | Doc. 1959 |

are **GRANTED** and the Third-Party Claims filed in each of those suits are **DISMISSED without prejudice.**

Considering the foregoing, in each of these suits, the main action and the third-party action claims are among and against Louisiana residents in each of these suits. Thus, there is neither diversity jurisdiction over these suits, nor does this Court find any reason to exercise its supplemental jurisdiction over them. 28 U.S.C. § 1367(c)(3) . Accordingly, as there is no jurisdictional grounds for these cases to remain in this Court,

**IT IS ORDERED** pursuant to 28 U.S.C. 1447(c), the following cases are **REMANDED** the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana:

| | | | |
|---|---|---|---|
| *Mullins* | C. A. No. 06-7400 | *Bell* | C.A. No.06-9037 |
| *Bracklein* | C.A. No. 06-7633 | *DePascual* | C.A. No. 06-8982 |
| *Beatman* | C.A. No. 06-8947 | *Herzog* | C.A. No. 06-8992 |
| *Alfonso* | C.A. No. 06-9641 | *Hubert* | C.A. No. 06-8219 |
| *Franz* | C.A. No. 06-10426 | | |

New Orleans, Louisiana, this __16th__ day of May, 2007.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**